UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

LISA BUCK, MICHAEL MARCHENA, )
MARIO DE ARMAS, JACOB DE ARMAS, )
GLENN GAVIC, JUSTIN KOWALSKY, )
and other similarly situated individuals, )
)
         Plaintiffs, )
)
v. )
)
CLUB FIT FT LAUDERDALE, INC. d/b/a )
The Zoo Health Club of Fort Lauderdale, )
GIL KHRON, and DENNIS OKUNYADE, )
)
         Defendants. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, LISA BUCK, MICHAEL MARCHENA, MARIO DE ARMAS, JACOB DE ARMAS, GLENN GAVIC, JUSTIN KOWALSKY (collectively the "Plaintiffs") and other similarly situated individuals, sue the Defendants, CLUB FIT FT LAUDERDALE, INC. d/b/a The Zoo Health Club of Fort Lauderdale (individually the "Zoo"), GIL KROHN (individually "Krohn") and DENISE OKUNYADE (individually "Okunyade") (collectively the "Defendants"), and allege:

    1.    This is an action to recover money damages for unpaid minimum, straight, and overtime wages under the laws of the United States and under Chapter 448.08.

    2.    This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3.     The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes. The facts regarding Plaintiffs' state law claims are so related to the Federal claims that they form part of the same case or controversy.

4.     Zoo is a Florida for profit corporation, having its main place of business in Broward County, Florida, where Plaintiffs worked for Zoo, and at all times material hereto was and is engaged in interstate commerce.

5.     Upon information and belief, Krohn resides in Broward County, Florida and was, and is now, the Chief Operating Officer of the Zoo and is an employer pursuant to the Act.

6.     Upon information and belief, Okunyade resides in Broward County, Florida and was, and is now, the Vice President of the Zoo and is an employer pursuant to the Act.

## COUNT I: WAGE AND HOUR VIOLATION
## BY ZOO (UNPAID MINIMUM and OVERTIME WAGES)

7.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8.     This action is brought by Plaintiffs and those similarly situated to recover from Zoo unpaid minimum and/or overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201.

9.     29 U.S.C. § 206(a)(1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." 29 U.S.C. § 206(a)(1). On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

10.    29 U.S.C. § 207(a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

12. In Florida, the minimum wage from January 1, 2014, through December 31, 2014, was $7.93 per hour and in 2015 is $8.05 per hour. This is the law in Florida.

13. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Zoo is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Zoo operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Zoo obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Zoo was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

14. By reason of the foregoing, Zoo is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, and/or Plaintiffs and those similarly situated were and/or are engaged in interstate commerce for Zoo. Zoo's business activities involve those to which the Act applies.

Zoo is a gym/health club and, through its business activity, affects interstate commerce. Plaintiffs' work for Zoo likewise affects interstate commerce.

**LISA BUCK**

15.     Plaintiff, LISA BUCK (individually "Buck"), was employed by Zoo as a membership counselor from August 4, 2014, to February 18, 2015.

16.     While employed by Zoo, Buck worked an average of sixty (60) hours per week, but was not properly paid her minimum or overtime wages for certain hours worked for Zoo.

17.     Buck was employed as a membership counselor performing the same or similar duties as that of those other similarly situated membership counselors whom Buck observed working for Zoo without receiving minimum or overtime wages.

18.     Buck seeks to recover unpaid minimum and overtime wages accumulated from the date of hire.

19.     Prior to the completion of discovery and to the best of Buck's knowledge, at the time of the filing of this Complaint, Buck's good-faith estimate of her unpaid minimum and overtime wages is as follows:

<u>Minimum Wages</u>

Actual Damages:

$7.25 (applicable minimum wage) x 60 (number of hours worked in each unpaid work week) x 2 (number of compensable weeks) = $870.00.

Liquidated Damages: $870.00.

Total Damages: $1,740.00, plus reasonable attorneys' fees and costs of suit.

<u>Overtime Wages</u>

Actual Damages:

$7.25 (applicable minimum wage) x 1.5 (overtime rate) x 20 (overtime hours) x 2 (number of compensable weeks) = $435.00.

Liquidated Damages: $435.00.

Total Damages: $870.00, plus reasonable attorneys' fees and costs of suit.

**MICHAEL MARCHENA**

20. Plaintiff, MICHAEL MARCHENA (individually "Marchena"), was employed by Zoo as a membership counselor from September 1, 2014, to January 11, 2015.

21. While employed by Zoo, Marchena worked an average of sixty (60) hours per week, but was not properly paid his minimum or overtime wages for certain hours worked for Zoo.

22. Marchena was employed as a membership counselor performing the same or similar duties as that of those other similarly situated membership counselors whom Marchena observed working for Zoo without receiving minimum or overtime wages.

23. Marchena seeks to recover unpaid minimum and overtime wages accumulated from the date of hire.

24. Prior to the completion of discovery and to the best of Marchena's knowledge, at the time of the filing of this Complaint, Marchena's good faith estimate of his unpaid minimum and overtime wages is as follows:

<u>Minimum Wages</u>

Actual Damages:

$7.25 (applicable minimum wage) x 60 (number of hours worked in each unpaid work week) x 4 (number of compensable weeks) = $1,740.00

Liquidated Damages: $1,740.00.

Total Damages: $3,480.00, plus reasonable attorneys' fees and costs of suit.

Overtime Wages

Actual Damages:

$7.25 (applicable minimum wage) x 1.5 (overtime rate) x 20 (overtime hours) x 4 (number of compensable weeks) = $870.00.

Liquidated Damages: $870.00.

Total Damages: $1,740.00, plus reasonable attorneys' fees and costs of suit.

**MARIO DE ARMAS**

25. Plaintiff, MARIO DE ARMAS (individually "M. De Armas"), was employed by Zoo as a front desk clerk and a smoothie bar technician from July 2015, to February 25, 2015.

26. While employed by Zoo, M. De Armas worked an average of twenty-eight (28) hours per week, but was not properly paid his minimum wages for all hours worked for Zoo.

27. M. De Armas was employed as a front desk clerk and a smoothie bar technician performing the same or similar duties as that of those other similarly situated employees whom M. De Armas observed working for Zoo without receiving minimum wages.

28. M. De Armas seeks to recover unpaid minimum wages accumulated from the date of hire.

29. Prior to the completion of discovery and to the best of M. De Armas' knowledge, at the time of the filing of this Complaint, M. De Armas' good faith estimate of his unpaid minimum wages is as follows:

Actual Damages:

$7.25 (applicable minimum wage) x 28 (number of hours worked in each unpaid work week) x 4 (number of compensable weeks) = $812.00.

Liquidated Damages: $812.00.

Total Damages: $1,624.00, plus reasonable attorneys' fees and costs of suit.

**JACOB DE ARMAS**

30. Plaintiff, JACOB DE ARMAS (individually "J. De Armas"), was employed by Zoo as a front desk clerk from January 30, 2014, to February 5, 2015.

31. While employed by Zoo, J. De Armas worked an average of twenty-one (21) hours per week, but was not properly paid his minimum wages for all hours worked for Zoo.

32. J. De Armas was employed as a front desk clerk performing the same or similar duties as that of those other similarly situated employees whom J. De Armas observed working for Zoo without receiving minimum wages.

33. J. De Armas seeks to recover unpaid minimum wages accumulated from the date of hire.

34. Prior to the completion of discovery and to the best of J. De Armas' knowledge, at the time of the filing of this Complaint, J. De Armas' good faith estimate of his unpaid minimum wages is as follows:

Actual Damages:

$7.25 (applicable minimum wage) x 22 (number of hours worked in each unpaid work week) x 4 (number of compensable weeks) = $638.00.

Liquidated Damages: $638.00.

Total Damages: $1,276.00, plus reasonable attorneys' fees and costs of suit.

**GLENN GAVIC**

35. Plaintiff, GLENN GAVIC (individually "Gavic"), was employed by Zoo as a front desk clerk from March 3, 2014, to February 2015.

36. While employed by Zoo, Gavic worked an average of twenty-four (24) hours per week, but was not properly paid his minimum wages for all hours worked for Zoo.

37. Gavic was employed as a front desk clerk performing the same or similar duties as that of those other similarly situated front desk clerks whom Gavic observed working for Zoo without receiving minimum wages.

38. Gavic seeks to recover unpaid minimum wages accumulated from the date of hire.

39. Prior to the completion of discovery and to the best of Gavic's knowledge, at the time of the filing of this Complaint, Gavic's good faith estimate of his unpaid minimum wages is as follows:

Actual Damages:

$7.25 (applicable minimum wage) x 24 (number of hours worked in each unpaid work week) x 4 (number of compensable weeks) = $696.00.

Liquidated Damages: $696.00.

Total Damages: $1,392.00, plus reasonable attorneys' fees and costs of suit.

**JUSTIN KOWALSKY**

40. Plaintiff, JUSTIN KOWALSKY (individually "Kowalsky"), was employed by Zoo as an assistant manager from 2012, to February 4, 2015.

41. While employed by Zoo, Kowalsky worked an average of sixty-six (66) hours per week, but was not properly paid his minimum or overtime wages for certain hours worked for Zoo.

42. Kowalsky was employed as an assistant manager performing the same or similar duties as that of those other similarly situated assistant managers whom Kowalsky observed working for Zoo without receiving minimum or overtime wages.

43. Kowalsky seeks to recover unpaid minimum and overtime wages accumulated from the date of hire.

44. Prior to the completion of discovery and to the best of Kowalsky's knowledge, at the time of the filing of this Complaint, Kowalsky's good faith estimate of his unpaid minimum and overtime wages is as follows:

Minimum Wages

Actual Damages:

$7.25 (applicable minimum wage) x 66 (number of hours worked in each unpaid work week) x 8 (number of compensable weeks) = $3,828.00.

Liquidated Damages: $3,828.00.

Total Damages: $7,656.00, plus reasonable attorneys' fees and costs of suit.

Overtime Wages

Actual Damages:

$7.25 (applicable minimum wage) x 1.5 (overtime rate) x 26 (overtime hours) x 8 (number of compensable weeks) = $2,262.00.

Liquidated Damages: $2,262.00.

Total Damages: $4,524.00, plus reasonable attorneys' fees and costs of suit.

45. At all times material hereto, Zoo failed to comply with the Act in that Plaintiffs and those similarly situated performed services and worked for Zoo without being paid overtime or at least minimum wages for all of their hours worked. The additional persons who may become Plaintiffs in this action are other employees and/or former employees of Zoo who are and who were subject to the unlawful payroll practices and procedures of Zoo and were not paid all of their minimum and/or overtime wages.

46. Zoo knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages and remains owing Plaintiffs and those similarly situated these minimum and overtime wages since the commencement of Plaintiffs' and those similarly situated employees' employment with Zoo as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages. Zoo never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum or overtime wage payments.

47. Zoo willfully and intentionally refused to pay Plaintiffs minimum and/or overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiffs these minimum and overtime wages since the commencement of Plaintiffs' employment with Zoo as set forth above.

48. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and others similarly situated and against Zoo on the basis of Zoo's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum and, where applicable, overtime wages for all hours worked for Zoo; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

  E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

  Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY KROHN

  49. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-48 above as if set out in full herein.

  50. At the times mentioned, Krohn was, and is now, the Chief Operating Officer and owner of Zoo. Krohn was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), in that this individual defendant acted directly in the interests of Zoo in relation to the employees of Zoo, including Plaintiffs and others similarly situated. Krohn had operational control of Zoo, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

  51. Krohn is and was at all times relevant a person in control of Zoo's financial affairs and can cause the Zoo to compensate (or not to compensate) its employees in accordance with the Act.

  52. Krohn willfully and intentionally caused Plaintiffs not to receive proper minimum and/or overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiffs these minimum and overtime wages since the commencement of Plaintiffs' employment with Zoo as set forth above.

  53. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and others similarly situated and against Krohn on the basis of Zoo's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum and overtime wages for all hours worked for Zoo; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: WAGE AND HOUR VIOLATION BY OKUNYADE

54. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-48 above as if set out in full herein.

55. At the times mentioned, Okunyade was, and is now, the Vice-President of Zoo. Okunyade was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), in that this individual defendant acted directly in the interests of Zoo in relation to the employees of Zoo, including Plaintiffs and others similarly situated. Okunyade had operational control of Zoo, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

56. Okunyade is and was at all times relevant a person in control of Zoo's financial affairs and can cause the Zoo to compensate (or not to compensate) its employees in accordance with the Act.

57. Okunyade willfully and intentionally caused Plaintiffs not to receive proper minimum or overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiffs these minimum and overtime wages since the commencement of Plaintiffs' employment with Zoo as set forth above.

58. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and others similarly situated and against Okunyade on the basis of Zoo's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum and overtime wages for all hours worked for Zoo; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT IV: UNPAID WAGES UNDER FLORIDA COMMON LAW
AND SECTION 448.08, FLORIDA STATUTES AGAINST THE ZOO**

59. Plaintiffs incorporate herein Paragraph Numbers 1 through 6.

60. Buck was employed by Zoo for the time period from approximately August 4, 2014, through February 18, 2015, as a membership counselor.

61. Zoo failed to pay Buck wages in the amount of at least $1,080.00.

62. Zoo owes Buck wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Buck prevail on this claim.

63. Marchena was employed by Zoo for the time period from approximately September 1, 2014, through January 11, 2015, as a membership counselor.

64. Zoo failed to pay Marchena wages in the amount of at least $1,800.00.

65. Zoo owes Marchena wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Marchena prevail on this claim.

66. M. De Armas was employed by Zoo for the time period from approximately July 2015, through February 25, 2015, as a front desk clerk/smoothie bar technician.

67. Zoo failed to pay M. De Armas wages in the amount of at least $1,500.00.

68. Zoo owes M. De Armas wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should M. De Armas prevail on this claim.

69. J. De Armas was employed by Zoo for the time period from approximately January 30, 2014, through February 5, 2015.

70. Zoo failed to pay J. De Armas wages in the amount of at least $1,500.00.

71. Zoo owes J. De Armas wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should J. De Armas prevail on this claim.

72. Gavic was employed by Zoo for the time period from approximately March 3, 2014, through February 2015.

73. Zoo failed to pay Gavic wages in the amount of at least $1,500.00.

74. Zoo owes Gavic wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Gavic prevail on this claim.

75. Kowalsky was employed by Zoo for the time period from approximately 2012, to February 4, 2015.

76. Zoo failed to pay Kowalsky wages in the amount of at least $4,000.00.

77. Zoo owes Kowalsky wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Kowalsky prevail on this claim.

78. Plaintiffs have retained undersigned counsel to represent them in this matter and have agreed to pay their attorneys a reasonable attorney's fee for their services.

**WHEREFORE**, Plaintiffs, respectfully request this Court grant the following relief:

A. Back pay in the form of lost wages, including lost benefits, plus interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Post-judgment interest; and

D. Such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

Plaintiffs demand trial by jury of all issues so triable as of right.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549
Attorneys for Plaintiffs